UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SJS MECHANICAL SERVICES LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>WALSH CONSTRUCTION COMPANY II LLC et al.,<br><br>        Defendants. | CASE NO. C24-00462-KKE<br><br>BANKRUPTCY NO. 24-01010<br><br>ORDER DENYING MOTION TO WITHDRAW THE REFERENCE |

Under 28 U.S.C. § 157(d), Walsh Construction Company II LLC ("Walsh") asks this Court to withdraw the reference of the adversary proceeding from the bankruptcy court. Dkt. No. 1-1 at 6. Pivot Apartment Lender LLC ("Pivot") opposes Walsh's motion. *Id.* at 15. For the reasons below, Walsh's motion is denied without prejudice as premature, and Walsh may refile this motion when (and if) the case is ready to proceed to trial.

**I. BACKGROUND**

This matter involves parties who were previously engaged in business together for the purpose of constructing an apartment complex. Walsh served as general contractor on the project. *See* Bankruptcy Dkt. No. 1 at 157.[1] Walsh filed a lawsuit in King County Superior Court against

---

[1] By "Bankruptcy Docket," this order refers to the docket of Case Number 24-01010 pending in United States Bankruptcy Court for the Western District of Washington.

ORDER DENYINGMOTION TO WITHDRAW THE REFERENCE - 1

B-1208 Pine, LLC ("Debtor"), Pine Esker, LLC ("Pine Esker"), and Pivot, among others, seeking to recover for unpaid work on the apartment complex. *Id.* at 8–15. SJS Mechanical Services, LLC ("SJS") served as a subcontractor on the project. *Id.* at 172–78. SJS also filed a lawsuit against Walsh in King County Superior Court, seeking to recover for unpaid work on the apartment complex. *Id*. King County Superior Court consolidated both cases upon stipulation of the parties. *Id.* at 182–85.

Debtor subsequently filed a voluntary petition under chapter 11 of title 11 of the United States Bankruptcy Code, triggering an automatic stay of the King County proceedings. Bankruptcy Dkt. No. 29-1 at 183–87. On January 23, 2024, Pivot filed a notice of removal of the King County lawsuit to the United States Bankruptcy Court for the Western District of Washington. Bankruptcy Dkt. No. 1.

On March 7, 2024, Walsh filed a motion for withdrawal of reference (Dkt. No. 1-1 at 6), which this Court now considers, while noting that on May 22, 2024, Pine Esker and Debtor filed motions for partial summary judgment in the bankruptcy court (Bankruptcy Dkt. Nos. 48, 51) that are not yet ripe for resolution.

## II.    LEGAL STANDARDS

In general, district courts have original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C. § 1334(a). The district courts are authorized to refer to the United States Bankruptcy Courts jurisdiction over cases under the Bankruptcy Code and all proceedings arising in or related to a case under the Bankruptcy Code. 28 U.S.C. § 157(a).[2] Section 157 also explains the limits of the bankruptcy court's jurisdiction over referred matters, depending on whether the proceeding is "core" or "non-core": in "core proceedings," the bankruptcy court "may enter appropriate orders

---

[2] The United States District Court for the Western District of Washington has exercised this authority. Local Rules W.D. Wash. LCR 87(a).

ORDER DENYINGMOTION TO WITHDRAW THE REFERENCE - 2

and judgements," but in "non-core proceedings," the bankruptcy court "shall submit proposed findings of facts and conclusions of law to the district court" for consideration and review. 28 U.S.C. §§ 157(b)(1), (c)(1). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *In re uCast, LLC*, No. 23CV1258-LL-AHG, 2023 WL 6131084, at *2 (S.D. Cal. Sept. 19, 2023) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)).

Section 157 also authorizes withdrawal of the reference of a matter to a bankruptcy court, on either permissive or mandatory grounds. 28 U.S.C. § 157(d). In this case, Walsh requests permissive withdrawal. *See* Dkt. No. 1-1 at 8–9; 28 U.S.C. § 157(d) (providing that district courts "may withdraw, in whole or in part, any case or proceeding" referred to a bankruptcy court "on its own motion or on timely motion of any party, for cause shown"). As the party seeking withdrawal, Walsh bears the burden of persuasion. *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011).

"To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re uCast LLC*, 2023 WL 6131084, at *2 (quoting *One Longhorn Land 1, L.P. v. Presley*, 529 B.R. 755, 762 (C.D. Cal. Apr. 13, 2015)). Courts should also "consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

"Whether ... the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." *Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 1:20-cv-04767-MKV, 2023 WL 6122905, at *9 (S.D.N.Y. Sept. 18, 2023) (quoting *McHale v. Citibank, N.A.*, No. 09 Civ. 6064(SAS), 2009 WL 2599749, at *4 (S.D.

N.Y. Aug. 24, 2009))).).  However, "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court."  *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).  Rather, "the bankruptcy court may retain jurisdiction over the action for pre-trial matters."  *Id.*

### III.  ANALYSIS

Walsh asks the Court to withdraw the reference because non-core claims in the lawsuit predominate and it is entitled to a jury trial on those claims.  Dkt. No. 1-1 at 9–10.  Pivot does not respond to Walsh's arguments regarding the predominance of non-core claims, and instead argues the Court should deny the motion because Walsh consented to final adjudication by the bankruptcy court by failing to timely object.  *Id.* at 19.

Pivot's argument as to timeliness is not persuasive.  First, under the applicable rules and orders issued by the bankruptcy court, it is not clear that Walsh's objection to adjudication by the bankruptcy court is untimely.

This district's Local Bankruptcy Rules require that, in an adversary proceeding:

> A party filing a notice of removal pursuant to Fed. R. Bankr. P. 9027, shall file with the notice of removal a separate document entitled Notice Regarding Final Adjudication and Consent. … Not later than 14 days after the filing of the notice of removal and the Notice Regarding Final Adjudication and Consent, any party who has filed a pleading in connection with the removed claim or cause of action … shall file … a separate document entitled Notice Regarding Final Adjudication and Consent.

Local Rules W.D. Wash. LBR 7012-1(b).  "Failure by a party to file a Notice Regarding Final Adjudication and Consent as required by this rule or by a date certain fixed by court order shall constitute that party's consent to entry of final orders or judgments by the bankruptcy judge."  LBR 7012-1(c).

According to Pivot, because it filed its notice of removal on January 23, 2024, Walsh had until February 6, 2024 to object to final adjudication by the bankruptcy court under Local Bankruptcy Rule 7012-1(b). Dkt. No. 1-1 at 19. Because Walsh did not object until March 7, 2024, Pivot argues Walsh's objection is untimely and therefore ineffective, and should be interpreted as consent to final adjudication. *Id.* Pivot claims, "[g]iven this consent, even if Walsh still has a right to a jury trial, that trial can be conducted by the Bankruptcy Court." *Id.* at 20.

Walsh counters that Pivot failed to file a separate Notice Regarding Final Adjudication and Consent, as required by Local Bankruptcy Rule 7012-1(b), meaning that Walsh's 14-day deadline to file its own Notice Regarding Final Adjudication and Consent was never triggered. Dkt. No. 1-1 at 25. Walsh also points out that the bankruptcy judge entered an order on February 23, 2024 (Bankruptcy Dkt. No. 9), setting a March 7, 2024 deadline by which Walsh was required to file its motion to withdraw the reference. Walsh complied with that deadline. In light of the deadline provided in the February 23, 2024 order, and Pivot's own failure to comply with the Local Bankruptcy Rules, the Court finds Walsh's filing, and the objection to final adjudication contained therein, timely.

Even if the Court were to find Walsh's objection untimely, however, such a finding would not necessarily support denying Walsh's motion to withdraw the reference. The authority cited by Pivot underscores that consent to final adjudication is but one factor for the district court to consider when evaluating a motion to withdraw the reference, and in no event does consent alone require that matters remain before the bankruptcy court for final adjudication. *See* Dkt. No. 1-1 at 20 (Pivot's argument that "A party's prior consent to final adjudication by the bankruptcy court militates even more strongly against granting a withdrawal." (citing *Szanto v. Szanto*, 3:19-cv-2043-SI, 2022 WL 3572993, at *10 (D. Or. Aug. 19, 2022) (finding party not entitled to jury trial

because the court had "already affirmed denial of the [appellant's motion for] withdrawal of reference and found that [a]ppellant failed to provide good cause to withdraw his consent")).

Although the Court finds Walsh's motion timely in a procedural sense, the motion is nonetheless substantively premature. Because there are dispositive motions currently pending before the bankruptcy court, this Court cannot yet assess what claims, if any, may advance to trial and whether those claims are core claims that would in fact entitle Walsh to a jury trial. In light of this, and because neither party objects to the bankruptcy court continuing to handle pre-trial proceedings (Dkt. No. 1-1 at 20, 24–25), the Court finds that judicial resources will be used most efficiently if this matter remains with the bankruptcy court up until the point of trial. *See In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 215 (S.D.N.Y. 2015) ("Plaintiffs' right to a jury trial, even if coupled with a finding that the Bankruptcy Court cannot enter final judgment, does not compel withdrawing the reference until the case is ready to proceed to trial." (cleaned up)); *In re Ne. Indus. Dev. Corp.*, 511 B.R. 51, 54 (S.D.N.Y. 2014) ("Courts have denied motions to withdraw a reference in cases involving legal claims and jury demands where they have found that it would be more efficient for the Bankruptcy Court to handle pre-trial matters.").

### IV.  CONCLUSION

Walsh's motion for withdrawal of the reference is DENIED without prejudice to re-filing when (and if) the case is ready to proceed to trial.

Dated this 24th day of May, 2024.

_____
Kymberly K. Evanson
United States District Judge

ORDER DENYINGMOTION TO WITHDRAW THE REFERENCE - 6